UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LINDA GONNELLA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 14-cv-4921 |
| v. | ) |
| | ) Judge John W. Darrah |
| DELBERT SERVICES CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Linda Gonnella, filed a Complaint against Defendant, Delbert Services Corporation, alleging constitutional claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*; the Telephone Consumer Practices Act ("TCPA"), 47 U.S.C. § 227; and state law claims under the Illinois Collection Agency Act ("ICAA"), 225 Ill. Comp. Stat. 435/1 *et seq.*, and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 Ill. Comp. Stat. 505/1 *et seq.* Delbert moved to dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(3) and 12(b)(6).

## BACKGROUND

The following facts are drawn from Plaintiff's Complaint and are accepted as true for purposes of the Motion to Dismiss. *See Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010). Plaintiff lives in Chicago, Illinois. (Am. Compl. ¶ 4.) Delbert is a Nevada corporation with its principal place of business at 7125 Pollock Drive, Las Vegas, Nevada , 89119; is a debt collector, as defined by 15 U.S.C. § 1692(a)(6); and is licensed as a collection agency in Illinois pursuant to 225 Ill. Comp. Stat. 425/4. (*Id.* at ¶¶ 5, 7, 8.) On May 27, 2014, Gonnella received a call from (909) 680-3391. (*Id.* at ¶ 9.) The caller was a Delbert

representative named Marvin.  (*Id.*)  The purpose of the call was to attempt collection of an alleged debt.  (*Id.* at ¶ 10.)  During the call, Gonnella asked that calls from Delbert cease for sixty days.  (*Id.* at ¶ 11.)

On June 9, 2014, Delbert was sent a fax from Gonnella's counsel (Edelman, Combs, Latturner & Goodwin, LLC), stating, "Ladies/Gentlemen:  Ms. Gonnella disputes your loan and refuses to pay it."  (*Id.* at ¶ 12; Exhibit 1.)  Gonnella received twelve additional calls between June 11, 2014 and July 9, 2014.  (*Id.* at ¶¶ 13-26.)  Some calls contained a prerecorded message, and some calls left no message. (*Id.*).  When dialed back, the phone led to an automated message that said, "Thank you for calling Delbert Services."  (*Id.* at ¶ 27.)  The automated message is identical for each phone number.  (*Id.*)

## LEGAL STANDARDS

*Federal Rules of Civil Procedure 12(b)(3)*

Rule 12(b)(3) permits a defendant to move to dismiss a complaint for "improper venue." Fed. R. Civ. P. 12(b)(3).  'A challenge to venue based upon a forum selection clause can appropriately be brought as a motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(3).'  *Schwarz v. Sellers Markets, Inc.*, 812 F. Supp. 2d 932, 941 (N.D. Ill. 2011) (quoting *Muzumdar v. Wellness International Network, Ltd.*, 438 F.3d 759, 760 (7th Cir. 2006)). When considering a motion to dismiss under Rule 12(b)(3), the court construes all facts and draws all reasonable inferences in favor of the plaintiff.  *Faulkenberg v. CB Tax Franchise Sys., LP*, 637 F.3d 801, 806 (7th Cir. 2009).  The plaintiff has the burden of showing venue is proper when a defendant challenges under Federal Rule of Civil Procedure 12(b)(3).  *Faur v. Sirius Int'l Ins. Corp.*, 391 F. Supp. 2d 650, 657 (N.D. Ill. 2005).

*Federal Rules of Civil Procedure 12(b)(6)*

Rule 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Rather, the complaint must provide a defendant "with 'fair notice' of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (quoting Fed. R. Civ. P. 8(a)(2) and *Twombly*, 550 U.S. at 555). When ruling on a motion to dismiss under Rule 12(b)(6), the court accepts all well-pleaded factual allegations as true and construes all reasonable inferences in favor of the plaintiff. *Tamayo*, 526 F.3d at 1081.

## ANALYSIS

*Venue and Exhaustion*

Because the venue issue is potentially dispositive, this issue will be considered first. Defendant argues that Plaintiff's Complaint should be dismissed because the forum-selection clause contained in the Plaintiff's Loan Agreement requires that this case be heard only in the Cheyenne River Sioux Tribal ("CRST") courts. Defendant also argues that the tribal exhaustion doctrine requires this Court to stay this case, pending the Plaintiff's exhaustion of her tribal remedies. Defendant admits that the Seventh Circuit's recent ruling in *Jackson v. Payday Fin., LLC*, 764 F.3d 765, is binding on this Court on these two issues.

> As the Supreme Court has explained, most recently in *Plains Commerce Bank v. Long Family Land & Cattle Co.*, 554 U.S. 316, 128 S.Ct. 2709, 171 L.Ed.2d 457 (2008), tribal courts have a unique, limited jurisdiction that does not extend

> generally to the regulation of nontribal members whose actions do not implicate the sovereignty of the tribe or the regulation of tribal lands. The Loan Entities have not established a colorable claim of tribal jurisdiction, and, therefore, exhaustion in tribal courts is not required.

*Jackson v. Payday Fin., LLC*, 764 F.3d 765, 768 (7th Cir. 2014). The Seventh Circuit further held that a "nonmember's consent to tribal authority is not sufficient to establish the jurisdiction of a tribal court." *Id.* at 783.

Plaintiff's Loan Agreement contained a choice-of-law provision stating that the "Loan Agreement is subject solely to the exclusive laws and jurisdiction of the Cheyenne River Sioux Tribe, Cheyenne River Indian Reservation." (*Id*.) The Loan Agreement also contains a forum-selection clause stating that the Plaintiff agrees "to the sole subject matter and personal jurisdiction of the Cheyenne River Sioux Tribal Court, and further agree[d] that no other state or federal law or regulation shall apply to [the] Loan Agreement, its enforcement or interpretation." (*Id*.) These loan agreement provisions are identical to those in *Jackson*. Therefore¸ Defendant's claims that the forum-selection clause should be enforced and that the doctrine of tribal exhaustion requires dismissal are unavailing. Defendant's Motion to Dismiss the Complaint pursuant to Fed.R.Civ.P. 12(b)(3) is denied.

*Count I - Fair Debt Collection Practices Act Claims*

In Count I, Plaintiff claims that Defendant violated several portions of the Fair Debt Collection Practices Act, specifically § 1692c(a)(2), § 1692d, §§ 1692e, e(10), e(11), and § 1692f. The Defendant argues that the Plaintiff has failed to state claims under § 1692e(10) and § 1692f. Section 1692e prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt," including the misrepresentation of "the character, amount, or legal status of any debt"; "the threat to take any

4

action that cannot legally be taken or that is not intended to be taken"; and "the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §§ 1692e(2), (5), (10). "The Fair Debt Collection Practices Act . . . imposes civil liability on debt collector[s] for certain prohibited debt collection practices." *Jerman v. Carlisle*, 559 U.S. 573, 576 (2010) (citations omitted). To state a claim under the FDCPA, Plaintiff must allege facts showing that the Defendant was collecting a debt as a debt collector and that its debt collection actions were violative of a federal statute. *Kang v. Eisenstein*, 962 F. Supp. 112, 114 (N.D. Ill. 1997). Alleged violations of the FDCPA are judged using the objective standard of an unsophisticated consumer. *See Ruth v. Triumph P'ships,* 577 F.3d 790, 801 (7th Cir. 2009).

Plaintiff alleges that Defendant has violated § 1692e(10), which prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10). However, Plaintiff has not alleged that the Defendant engaged in any false representations or deceptive means. Plaintiff cites *Ramirez v. Apex Fin. Mgmt., LLC*, 567 F. Supp. 2d 1035 (N.D. Ill. 2008), and argues that the case supports her § 1692e(10) claim. However *Ramirez* only analyzes § 1692c(c), and does not discuss the use of false representations or deceptive means. *Ramirez*, 567 F. Supp. 2d at 1040-42. Plaintiff also cites *Ruth*, and argues that "some representations are so clearly false or misleading that no extrinsic evidence is required." (Pl. Resp. at p. 4.) Plaintiff does not allege that Defendant made any representations, let alone false or misleading ones. Furthermore, Plaintiff "has not alleged any fact to suggest that defendant's actions would confuse a reasonable unsophisticated consumer." *Marciuleviciene v. Emhurst Lake Apartment, LLC*, No. 12 C 1697, 2012 WL 2374676, at *2 (N.D. Ill. June 21, 2012). Defendant's Motion to Dismiss Plaintiff's

§ 1692e(10) claim is granted without prejudice.

Defendant also argues that Plaintiff has failed to state a claim under § 1692f. Under § 1692f, debt collectors are forbidden from using "unfair or unconscionable means to collect or attempt to collect any debt" and requires debt collection to be "expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1). Whether a particular collection practice other than those enumerated in §1692(f) qualifies as "unfair" or "unconscionable" is an objective determination for the trier of fact. *Turner v. J.V.D.B. & Assocs., Inc.*, 330 F.3d 991, 997-98 (7th Cir. 2003). In this case, Plaintiff claims that Defendant's calls were unfair under the Act because Defendant was notified that an attorney represented her on June 9, 2013. But Plaintiff does not allege facts to show that Defendant's alleged conduct was unfair or unconscionable aside from simply asserting that it was. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not defeat a motion to dismiss. *Ashcroft*, 556 U.S. at 678. Plaintiff's Complaint does not allege any facts supporting unfair or unconscionable means of collecting a debt. Therefore, Defendant's Motion to Dismiss Plaintiff's 1692f claim is granted without prejudice.

*Count II - Telephone Consumer Protection Act Claim*

Defendant argues that Plaintiff has failed to state a claim under the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A). The TCPA prohibits a person from making "any call . . . using an automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a cellular telephone service or any service for which the called party is charged for the call, unless there is prior express consent of the called party." 47 U.S.C. § 227(b)(1)(A)(iii).

For her TCPA claim, Plaintiff must sufficiently allege that Defendant called her cell

phone and that Defendant did so using an automatic telephone dialing system or an artificial or prerecorded voice. *See* 47 U.S.C. § 227(b)(1)(A)(iii). To qualify as an automatic telephone dialing system or an artificial or prerecorded voice under the Act, equipment "need not actually store, produce, or call randomly or sequentially generated telephone numbers, it need only have the capacity to do it." *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 (9th Cir. 2009). The TCPA explicitly exempts from liability autodialed calls to a cell phone "made with the prior express consent of the called party." 47 U.S.C. § 227(b)(1)(A). Thus, prior express consent is an affirmative defense to an alleged TCPA violation. *In re Rules Implementing the TCPA of 1991*, 23 FCC Rcd. 559, 565 (2008).

In this case, the Plaintiff concedes that she initially gave the Defendant consent to contact her via her telephone; however, she asserts that she withdrew her consent. Defendant contends that consent, once given, cannot be withdrawn. (Def's. Mot., p. 5.) Courts are split as to whether consent can be revoked, and there is no binding authority from the Seventh Circuit or the Supreme Court. However, at least some courts have determined that "consumers can revoke their consent to receive autodialer calls under the Telephone Consumer Protection Act and may do so orally." *Beal v. Wyndham Vacation Resorts, Inc.*, 956 F. Supp. 2d 962, 979 (W.D. Wis. 2013); *see also Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1255 (11th Cir. 2014); and *Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265, 270 (3d Cir. 2013). Additionally, a primary purpose of the TCPA is to protect consumers from unwanted and invasive telephone calls. *See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 745 (2012).

Plaintiff alleges that Delbert called her cell phone twelve times after she asked them to stop, both orally and in writing. (Am. Compl., ¶ 28.) She further alleges that Defendant did so using an automatic telephone dialing system or an artificial or prerecorded voice. (*Id*. at ¶ 29.)

Specifically, Plaintiff alleges that on three occasions she received calls containing a prerecorded message. (*Id.* at ¶¶ 13-15.) Plaintiff also alleges the third call resulted in a message being left after a "two-second pause." (*Id.* at ¶¶ 15-17.) Finally, the Plaintiff alleges that when she dialed the telephone numbers corresponding to the calls, she received an automated message indicating that the number she had called belonged to Delbert. (*Id.* ¶ 27.) Plaintiff has sufficiently alleged facts showing that she rescinded her consent to receive calls from Defendant and that Defendant used an automatic telephone dialing system or an artificial or prerecorded voice.

Defendant also argues that Plaintiff is required to allege a specific telephone number allegedly called by Delbert. However, Plaintiff aleges that the calls she received were made to her cellular phone, when the calls were made, and what number the calls came from. (Am. Compl. ¶¶ 9, 13-15, 18-26.) This is enough to give Defendant fair notice of the claim and its basis. Plaintiff's specific telephone number is easily discoverable. Defendant's Motion to Dismiss Plaintiff's TCPA claim is denied.

*Count III - Illinois Collection Agency Act Claims*

Defendant argues that the Plaintiff has failed to state a claim under the Illinois Collection Agency Act, 225 ILL. COMP. STAT. 425/1 *et seq*. The ICAA prohibits a collector from "[c]ommunicating or threatening to communicate with a debtor when the debt collector is informed in writing by an attorney that the attorney represents the debtor concerning the claim, unless authorized by the attorney." 225 ILL. COMP. STAT. 425/9(30). However, there is an exception: "If the attorney fails to respond within a reasonable period of time, the collector may communicate with the debtor." *Id.*

Section nine of the ICAA permits the Illinois Division of Professional Regulation to sanction and fine debt collectors for violating the Act; however, the Illinois Appellate Court has

8

also recognized a private right of action under the statute. *See McCabe v. Crawford & Co.*, 272 F. Supp. 2d 736, 751-752 (N.D. Ill. 2003). To survive a motion to dismiss, a plaintiff must sufficiently allege actual harm, loss, or injury suffered, and plead facts demonstrating cognizable, actual damages. *Herkert v. MRC Receivables Corp.*, 655 F. Supp. 2d 870, 881 (N.D. Ill. 2009).

In this case, as mentioned above, Plaintiff alleges that Defendant made twelve calls after she requested that the calls cease for sixty days and after a fax was sent to the Defendant on June 9, 2013. Of these calls, Plaintiff alleges that nine resulted in no message being left, two resulted in an unspecified pre-recorded message, and one resulted in a message indicating the call was from Defendant and providing her with a telephone number to call and a time during which representatives could be reached. In this instance, Plaintiff has not pled facts demonstrating actual damages. Plaintiff's case, *Kirkpatrick v. Strosberg*, 894 N.E.2d 781 (Ill. App. Ct. 2008), discusses nominal damages under the ICFA after plaintiffs had proved actual damages from a breach of contract. *Kirkpatrick*, 894 N.E.2d at 763. Attorneys fees are not actual damages under the ICAA. *Herkert*, 655 F. Supp. 2d at 881. At most Plaintiff alleges embarrassment, frustration, and annoyance. (Am. Compl. at ¶¶ 52-53.) These have not been recognized as actual damages under the ICAA.

The Defendant also argues that the Plaintiff has failed to state a claim under 225 Ill. Comp. Stat. 425/9(31). Debt collectors are prohibited from "engaging in dishonorable, unethical, or unprofessional conduct of a character likely to deceive, defraud, or harm the public." 225 Ill. Comp. Stat. 425/9(31). Again, the Plaintiff pleads no facts alleging a cognizable injury in this regard. *Herkert*, 655 F. Supp. 2d at 881.

Therefore, Defendant's Motion to Dismiss Plaintiff's ICAA claims is granted without prejudice.

*Count IV - Illinois Consumer Fraud Act Claim*

Fraud claims under the ICFA are analyzed under the heightened pleading standard set forth in Federal Rule of Civil Procedure 9(b). *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014). Federal Rule of Civil Procedure 9(b) requires a plaintiff to "state with particularity the circumstances constituting fraud." Fed.R.Civ.P. 9(b). Rule 9(b) requires plaintiffs to describe the 'who, what, when, where, and how of the fraud.' *Camasta*, 761 F.3d at 736 (quoting *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 615 (7th Cir. 2011)). Although the circumstances establishing fraud must be pleaded with particularity, a defendant's "intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b); *see also DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990).

The ICFA prohibits "unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact." 815 ILL. COMP. STAT. 505; *Greenberger v. GEICO Gen. Ins. Co.*, 631 F.3d 392, 399 (7th Cir. 2011). Plaintiff must plead facts alleging: "(1) a deceptive act or unfair practice occurred, (2) the defendant intended for plaintiff to rely on the deception, (3) the deception occurred in the course of conduct involving trade or commerce, (4) the plaintiff sustained actual damages, and (5) such damages were proximately caused by the defendant's deception." *Dubey v. Pub. Storage, Inc.*, 918 N.E.2d 265, 277 (Ill. App. Ct. 2009). Under the ICFA, "a statement is deceptive if it creates a likelihood of deception or has the capacity to deceive." *Bober v. Glaxo Wellcome PLC*, 246 F.3d 934, 938 (7th Cir. 2001) (citing *People ex rel. Hartigan v. Knecht Servs., Inc.*, 575 N.E.2d 1378, 1387, (Ill. App. Ct. 1991)). Defendant argues that Plaintiff

has failed to state a claim under the ICFA because she has failed to sufficiently plead that Defendant's actions were unfair or deceptive or that she suffered an injury.

Plaintiff alleges that the Defendant's actions were unfair and deceptive. (Am. Compl. ¶ 55.) However, Plaintiff does not sufficiently allege that Defendant's actions created a likelihood of deception or had the capacity to deceive. Plaintiff alleges that "Delbert intended that Gonnella rely upon the representations it *would make* in its communications, and then decide [to] pay money on that alleged debt as a result." (*Id.* at ¶ 57.) Presumably, Plaintiff is alleging that Defendant would have made deceptive representation had she picked up the phone. However, Plaintiff does not allege that any deceptive conduct actually occurred and has not sufficiently stated a claim.

Nor does Plaintiff sufficiently allege Defendant's actions were unfair. To determine whether a business practice is unfair, the court considers "(1) whether the practice offends public policy; (2) whether it is immoral, unethical, oppressive, or unscrupulous; [and] (3) whether it causes substantial injury to consumers." *Boyd v. U.S. Bank, N.A., ex rel. Sasco Aames Mortgage Loan Trust, Series 2003-1*, 787 F. Supp. 2d 747, 751 (N.D. Ill. 2011) (quoting *Robinson v. Toyota Motor Credit Corp.*, 775 N.E.2d 951, 961 (Ill. 2002)). Again, Plaintiff has provided only "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft*, 556 U.S. at 678. Further, "[i]n a private ICFA action, the element of actual damages 'requires that the plaintiff suffer actual pecuniary loss.'" *Camasta*, 761 F.3d at 739 (quoting *Kim v. Carter's Inc.*, 598 F.3d 362, 365 (7th Cir. 2010)). Plaintiff has not pled any pecuniary loss.

Defendant's Motion to Dismiss Plaintiff's ICFA claim is granted without prejudice.

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss [24] is granted in part and denied in part. Defendant's Motion to Dismiss Plaintiff's claims under the forum-selection clause and the tribal exhaustion doctrine is denied. Defendant's Motion to Dismiss Plaintiff's claims under §§ 1692e(10) and 1692f in Count I, Count III, and Count IV is granted without prejudice. Defendant's Motion to Dismiss Count II is denied.

Plaintiff is granted leave to amend her Complaint, if she can do so pursuant to Rule 11, within thirty days of this Order.

Date:    March 19, 2015                                      
JOHN W. DARRAH
United States District Court Judge